**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

KERRY KENDRED, JR.,
ADC #14510                                                                                               PLAINTIFF

v.                                              3:13CV00279-DPM-JJV

BECKY HITT, Jail Administrator; *et al*.                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Kerry Kendred, an inmate at the Poinsett County Detention Center, filed this *pro se* action, claiming Defendant Hitt authorized Defendants Glover and Thomas to injure him, and that Defendant Ramey failed to provide him with a proper diet tray for several days (Doc. No. 1 at 5). The Court granted Plaintiff's Application to Proceed Without Prepayment of Fees on January 7, 2014, and provided him the opportunity to file an Amended Complaint in thirty days, noting that his allegations failed to state a claim upon which relief may be granted (Doc. No. 5). As of this date, however, Plaintiff has not submitted an Amended Complaint. Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed for failure to state a claim upon which relief may be granted.

## I. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing

*pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*

## II. FACTS AND ANALYSIS

Plaintiff claims that Defendant Hitt authorized Defendants Glover and Thomas to "do bodily harm" to Kendred and his brother. But Plaintiff has not stated that force was applied and he was in fact harmed and his claim fails to amount to a claim of excessive force. For an excessive force claim, Plaintiff must show that Defendants applied force and that force was not in good faith and not in an effort to maintain or restore discipline. Since Plaintiff does not show that force was applied and he was harmed, he fails to state an excessive force claim. *See Andrews v. Neer*, 253 F.3d 1052, 1061 (8th Cir. 2001).

In addition, in order to support an Eighth Amendment claim based on Defendant Ramey's failure to provide a diet tray for several days, Plaintiff must make a showing of the existence of objectively harsh conditions of confinement, together with a subjectively culpable state of mind by Ramey in condoning or creating the conditions. *Choate v. Lockhart*, 7 F.3d 1370, 1373 (8th Cir. 1993). The "defendant's conduct must objectively rise to the level of a constitutional violation ... by depriving the plaintiff of the 'minimal civilized measure of life's necessities.'... The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or

safety of the prisoner." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 342 (1981), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1977)).

Plaintiff states Ramey "wouldn't give my proper diet tray which [led] to me not eating for several days." (Doc. No. 1 at 5.) Plaintiff's limited claim fails to support a constitutional deprivation of the minimal civilized measure of life's necessities. Although it is troubling that he may have not eaten for several days, it appears that was by Plaintiff's choice. Plaintiff does not state what was a "proper diet" and how Defendant Ramey's actions were deliberately indifferent to his needs for health and safety. Without more, this claim must be dismissed.

Therefore, as set forth in the Court's January 7, 2014, Order, the Court finds Plaintiff's Complaint fails to support claims upon which relief could be granted against the Defendants.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3. The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

DATED this 10th day of February, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.